[Civ. No. 3646. Fourth Dist. July 2, 1947.]

ORLEY HITCHCOCK, Appellant, v. JOE SOARES et al., Respondents.

Whelan & Whelan for Appellant.

Gray, Cary, Ames & Driscoll for Respondents.

BARNARD, P. J.—This is an action for declaratory relief. The plaintiff was a marine engineer and the defendants were in the business of operating tuna fishing boats. In 1944, the defendants acquired a new boat, and the plaintiff acted as engineer on this boat during five fishing trips covering a period of some eight or nine months. During this period he received the usual compensation of such an engineer, including his part of the crew's share in the proceeds of the fish caught. After the fifth trip, the defendants terminated whatever relationship existed between them.

The plaintiff then brought this action, the complaint being based on the theory that a contractual relationship existed whereby he was to become the owner of a one-tenth interest in this boat, to be paid for out of a share in the earnings of the boat; that an oral agreement to this effect existed between the parties which had been reduced to writing, although not signed

by the defendants; that the plaintiff had undertaken all of the obligations of the contemplated contract in the belief that a binding agreement existed; that such belief had been induced by the representations of the defendants, or their failure to inform him that no contract existed; and that the defendants were estopped to deny the existence of this contract. The prayer was that a form of agreement dated October 21, 1944, be decreed to be a valid agreement between the parties, and that the defendants account to the plaintiff for the earnings of the vessel.

It appears, without dispute, that the parties attempted to reach an agreement along the general lines contended for by the plaintiff. The defendants, in March, 1944, prepared and signed a form of contract which the plaintiff refused to sign. Shortly thereafter, the plaintiff prepared a form of contract which the defendants refused to sign. In June, 1944, the defendants submitted another form of contract which the plaintiff refused to sign. Under date of October 21, 1944, a form of contract was prepared which the plaintiff signed but which the defendants did not sign. The plaintiff contends that this last form was prepared by an attorney at the request of the defendants, that they told him to go and look it over and sign it if it was satisfactory, and that he did so. The defendants denied that this contract was prepared at their request or that they asked the plaintiff to sign it.

After a trial, the court found in all respects in favor of the defendants and entered a judgment accordingly, from which the plaintiff has appealed.

The sole ground of the appeal is that the essential findings are not supported by the evidence. While a number of the findings are attacked, the appellant's contentions are based upon the theory that a final agreement was reached in the form dated October 21, 1944, since it was prepared at the request of the respondents, setting forth their desires in the matter; that he signed it at their request; that he did not learn until after returning from the fifth fishing trip that the respondents had not signed it; that he was induced to enter upon, and carry out, his duties in reliance upon the belief that this contract had been executed; and that the respondents are estopped from now denying the existence of the contract.

While the evidence produced by the appellant would justify an inference sufficient to support his theory, the evidence for the respondents raised a direct conflict. Not only was there evidence that the proposed contract of October 21, 1944, which

was signed by the appellant, was not prepared on the instructions of the respondents and was not satisfactory to them, but there was testimony that they refused to sign that contract and that one of them so informed the appellant before the boat went on its first fishing trip. This, and other conflicting evidence, supports the trial court's findings and conclusions to the effect that while these parties were attempting to make some such a contract their minds did not meet on its terms and that the appellant, in making the five trips on the boat, acted in the hope that an agreement would finally be reached and under circumstances which did not justify him in believing that one had been reached, or that any contract existed under which he would be entitled to anything more than his regular compensation, as a member of the crew, which he received.

The judgment is affirmed.

Marks, J., concurred.